# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0556 | **DATE** | January 27, 2012 |
| **CASE TITLE** | Nishith P. Patel (2011-0103015) vs. Tom Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $15.34 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The Clerk shall issue a summons for service on Defendants Hurd and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Defendant Dart is dismissed. The United States Marshals Service is appointed to serve Defendant Hurd.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

     Pro se Plaintiff Nishith P. Patel, a detainee at the Cook County Jail (CCJ), has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and his complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

     Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $15.34. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the Jail to another correctional facility.

     Turning to the initial review of the complaint (Dkt. No. 1), Plaintiff claims that on September 28, 2011, CCJ Deputy Hopkins fondled him by squeezing his right testicle. He complained about the incident in an internal CCJ grievance. Defendant Lieutenant Hurd responded to Plaintiff's grievance in person telling him to drop the issue and not to mention it any more. Instead, Plaintiff filed a civil rights action against Deputy Hopkins in this Court in December 2011. *Patel v. Hopkins*, No. 11 C 8862 (N.D. Ill.) (Kendall, J.).

**STATEMENT**

Plaintiff was allowed to proceed with his suit and that case is presently at a service stage. No. 11 C 8862, Dkt. No. 5.

Lieutenant Hurd was angered by Plaintiff's filing of the No. 11 C 8862 case. Hurd alleged used racial slurs towards Plaintiff and threatened to retaliate against him including reading his mail, denying him access to medical care, and preventing him from going to the law library. Plaintiff believes that Hurd's interference resulted in a second federal case, *Patel v. Hubel*, No. 11 C 6713 (N.D. Ill.) (Guzman, J.), being wrongfully dismissed. Plaintiff's present complaint brings suit against both Hurd and Cook County Sheriff Tom Dart.

Sheriff Dart is dismissed because Plaintiff fails to plausibly allege any personal involvement by him in the incident. *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1948 (2009) ("[P]laintiff must plead that each government official Defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff may proceed with a First Amendment retaliation claim against Defendant Hurd. Detainees have First Amendment rights, and this includes the ability to petition the government for redress through lawsuits and jail grievances. *Bridges v. Gilbert*, 557 F.3d 541, 547-48 (7th Cir. 2009); *Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 446-47 (7th Cir. 2009). To state a retaliation claim, Plaintiff must plausibly suggest: that (1) he engaged in an activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was caused Defendant's to take the retaliatory action. *Gunville v. Walker*, 583 F.3d 979, 983 (7th Cir. 2009). Plaintiff plausibly states a First Amendment retaliation claim (with the following limitation set forth in the next paragraph) because he suggests that Hurd verbally harassed him, threatened to deny him medical attention, limited his law library access, and read his mail in response to Plaintiff's grievances and lawsuits.

However, Plaintiff's retaliation claim cannot include the dismissal of *Patel v. Hubel*, No. 11 C 6713 (N.D. Ill.). Plaintiff's view is that case was dismissed through Hurd's influence as part of the larger pattern of unlawful retaliation. Judge Guzman's dismissal order explains that Plaintiff's complaint in the No. 11 C 6713 case failed to state a claim because Plaintiff impermissibly sought to sue his public defender under 42 U.S.C. § 1983. No. 11 C 6713, Dkt. No. 4. A retaliation claim requires "a causal link between the protected act and the alleged retaliation." *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (citations omitted). This is not present as to the No. 11 C 6713 case. Hurd had no hand in the dismissal of that case. It was dismissed due to Judge Guzman's determination that Plaintiff failed to state a claim, not out of retaliation for Plaintiff exercising his First Amendment rights.

The parties should also be aware that the claim is for First Amendment retaliation, not for the alleged underlying tactics employed by Hurd against Plaintiff. Plaintiff has phrased his complaint as alleging retaliation. The Court notes this point because it is proper to bring a retaliation claim even when then underlying retaliatory actions do not violate the Constitution on their own *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005). For example, verbal harassment by itself does not violate the Constitution, *Dobbey*, 574 F.3d at 445, but the verbal harassment is properly part of the First Amendment retaliation claim.

The Clerk shall issue a summons for service on Defendants Hurd and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Defendant Dart is dismissed. The United States Marshals Service is appointed to serve Defendant Hurd. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any

**STATEMENT**

former employee who no longer can be found at the work address provided by Plaintiff, Cook County shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendants pursuant to Rule 4(d)(1)(G)

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.