IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | ) | |
|---|---|---|
| NISHITH P. PATEL | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 12 C 556 |
| | ) | |
| LT. HURD | ) | Judge Virginia M. Kendall |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Nishith P. Patel brings this *pro se* suit against Tom Dart, the Sheriff of Cook County and Lieutenant Hurd, Deputy Sheriff and Lieutenant of Cook County. Sheriff Dart was dismissed from this suit when Patel petitioned the Court to proceed *in forma pauperis*. (Doc. 4). Patel currently seeks redress against Lt. Hurd pursuant to 42 U.S.C. § 1983 for violating his First Amendment right to petition the government for redress through lawsuits and jail grievances. Particularly, Patel alleges that Lt. Hurd interfered with his First Amendment right to access the courts. Currently pending before the Court is Lt. Hurd's Motion to Dismiss. Patel was ordered by this Court to respond to the Motion to Dismiss by May 17, 2012, but he failed to do so. As of this time, Patel has not submitted any response to the Motion to Dismiss. Because the Complaint fails to state a claim upon which relief can be granted and because Patel has failed to respond to the Defendant's Motion to Dismiss, for the reasons set forth below, the case is dismissed.

1

**I. Background**

In deciding the instant Motion, the Court assumes the veracity of the well-pleaded allegations in the Complaint and construes all reasonable inferences in Patel's favor. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)). Patel alleges that on September 28, 2011, Cook County Jail Deputy Hopkins fondled him be squeezing his right testicle. Patel complained about the incident on an internal Cook County Jail grievance. Patel alleges that Lt. Hurd responded to Patel's grievance in person, telling him to drop the issue and not to mention it anymore. Patel alleges that instead he exercised his First Amendment rights by utilizing the grievance procedure for the Jail and fully exhausting his administrative remedies. Instead of dropping the matter, Patel filed a civil rights action against Deputy Hopkins in this Court in December 2011. *See Patel v. Hopkins*, No. 11 C 8862 (N.D. Ill). The case was dismissed on March 12, 2012 for want of prosecution when Patel, after being duly warned, failed to appear at two status hearings. (Case No. 11 C 8862; Doc. 24). Patel also filed a civil rights action in this Court against Cook County Jail Superintendents Lyles and Curry, and those too were dismissed for want of prosecution. (Case No. 11 C 8863; Doc. 24).

Patel alleges that Lt. Hurd was angered by his filing of the 11 C 8862 case, and harassed him numerous times as a result. According to Patel, Lt. Hurd said to him, "How dare you go above my head, I told you I didn't want to hear about this matter, now you are

2

going to pay. I'm going to do everything I can to fuck you over. I've been reading your mail and I know what you're on you dot head fucking Hindu son of a bitch." According to Patel, Lt. Hurd also told Patel that he would make sure Patel remained in pain. Patel alleges that Lt. Hurd told him that he would ensure Patel did not see a doctor as well as have no access to the law library to file his legal petitions. Patel alleges that Lt. Hurd personally intercepted his request slips to the law library, saying, "Look at these slips of yours, you're not going anywhere–at least not in my law library here in [Division] 6." Patel alleges that Lt. Hurd opened and read both his incoming and outgoing mail, including petitions to the U.S. District Court. He alleges that he was prejudiced in another civil rights suit he filed in the District Court for the Northern District of Illinois, *Patel v. Hubel*, No. 11 C 6713 (N.D. Ill.) (Guzman, J.). Patel alleges that his case was dismissed for failure to state a claim, and that documents were stripped out of his outgoing mail packet to the U.S. District Court, such as the statement of the claim and a copy for the defendant.

Patel alleges that the U.S. District Court replied to him in the 11 C 6713 matter, but that his incoming mail was intercepted. Patel alleges that this caused a delay in his ability to file a motion for leave to appeal the dismissal to the United States Court of Appeals for the Seventh Circuit. Patel alleges that on or around December 21 through December 29, 2011, all mail from the U.S. District Court and the U.S. Marshall's Office was opened before he received it. Patel alleges that a deputy from Division 6, Unit 1B witnessed these events

3

and quickly notified the Jail administration. Patel was then personally delivered his mail by a sergeant. Later that day, Patel was on his way to lunch when Lt. Hurd said to him, "You motherfucker, you can't stop me from reading your mail." Patel alleges that Lt. Hurd taunted him about his allegations. Patel states that he is in fear of further retaliation and prays for a protective order against Lt. Hurd for continuing his actions in a like manner.

## II. Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all the well-pleaded facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *See Killingsworth*, 507 F.3d at 618 (citing *Savory*, 469 F.3d at 670); *accord Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. If the factual allegations are well-pleaded, the Court assumes their veracity and then proceeds to determine whether they plausibly give rise to an entitlement to relief. *See Id.* at 679. A claim has facial plausibility when its factual content allows the

Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 678.

**III. Discussion**

Detainees have First Amendment rights, including the right to petition the government for redress through lawsuits and jail grievances. *See Bridges v. Gilbert*, 557 F.3d 541, 547-548 (7th Cir. 2009); *Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 446-447 (7th Cir. 2009). To state a retaliation claim, Patel must plausibly suggest: that (1) he engaged in protected First Amendment activity; (2) he suffered a deprivation of his rights that would likely deter future First Amendment activity; and (3) the First Amendment activity caused the Defendant to take the retaliatory action. *See Gunville v. Walker*, 583 F.3d 979, 983 (7th Cir. 2009).

As an initial matter, as this Court previously held, Patel cannot make out a retaliation claim for the dismissal of the 11 C 6713 case. (Doc. 4). Patel's Complaint suggests that he believes that the case was dismissed through Lt. Hurd's influence as part of a larger pattern of retaliation. However, Judge Guzman's dismissal order in that case explicitly held that Patel failed to state a claim because Patel impermissibly sought to sue his public defender under 42 U.S.C. § 1983. (Case No. 11 C 6713; Doc. 4). Public defenders, Judge Guzman concluded, are not "state actors" under § 1983, and therefore cannot be sued for damages. (Case No. 11 C 6713; Doc.4); *accord Polk County v. Dodson*, 454 U.S. 312,

5

325 (1981). A retaliation claim requires "a causal link between the protected act and the alleged retaliation." *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (internal citations omitted). As this Court previously held, there is no causal link between the protected activity in the 11 C 6713 case and Lt. Hurd's alleged retaliation. Lt. Hurd had no hand in the dismissal of that case. The 11 C 6713 case was dismissed based on Judge Guzman's determination that Patel failed to state a claim, not out of retaliation for Patel exercising his First Amendment rights.

This leaves only the claim that Lt. Hurd retaliated against Patel by opening his legal mail and limiting his use of access to the law library. Prison officials have a duty to provide prisoners with reasonable access to the courts, which includes providing reasonable access to law libraries or counsel. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977); *accord Martin v. Davies*, 917 F.2d 336, 338 (7th Cir. 1990). "[T]he law requires only meaningful access to the courts." *See Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (quoting *Bounds*, 430 U.S. at 823). Meaningful access does not mean unlimited access. *See Martin*, 917 F.2d at 338 (citing *Hossman v. Spradlin*, 812 F.2d 1019, 1021 (7th Cir. 1987)). "It does not require any specific resources such as a law library..." *Lehn*, 364 F.3d at 868. Rather, a prisoner must demonstrate that the prison's policy hampered his pursuit of a legal claim. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds*, 430 U.S. at 823; *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). To determine whether prison administrators have violated a prisoner's


right of access to the courts, courts employ a two-part test. *See Lehn*, 364 F.3d at 868. First, the detainee must show that "prison officials failed to assist in the preparation and filing of meaningful legal papers." *Id.* (quoting *Brooks v. Buscher*, 62 F.3d 176, 179 (7th Cir. 1995)) (internal quotations omitted) Second, "he must show some quantum of detriment caused by the challenged conduct of state officials." *Lehn*, 364 F.3d at 868 (quoting *Brooks*, 62 F.3d at 179) (internal quotations omitted).

In order to avoid dismissal under Rule 12(b)(6), Patel must allege that he had a non-frivolous legal claim that was frustrated or impeded by Lt. Hurd's failure to assist him in the preparation and filing of meaningful legal papers and that he was harmed by Lt. Hurd's action (or inaction, as the case may be). As Patel's exhibits to his Complaint evidence, Patel was given use of the law library at the jail. Although his use of the library was limited, he states that he was routinely granted access within two weeks of making a request. (See Plaintiff's exhibits attached to his Complaint, Doc. 1). Patel's Complaint indicates that he did in fact receive access to the library, just not as much as he would have liked. The Seventh Circuit has held that where a plaintiff has some access to the law library, claims regarding lack of access to the jail law library are insufficient to state a claim. *See Martin*, 917 F.2d at 340 (where plaintiff "concedes he had access to the library at Cook County Jail, although not as much as he would have liked…claims regarding lack of access to the jail law library are insufficient to state claims for relief."). A jail may set up a

restrictive system whereby prisoners have limited access to the law library. *See Hossman*, 812 F.2d at 1021 ("Thus, where 'meaningful' access to the courts is not denied as the result of inconvenient or even highly restrictive regulations governing the use of a prison law library, no constitutional guarantee to court access is violated."). So long as library restrictions do not completely deny meaningful access to the courts, highly restrictive regulations may be entirely appropriate and not violative of a prisoner's constitutional rights. *See Brooks*, 62 F.3d at 179.

Assuming, however, that Lt. Hurd denied Patel meaningful access to legal materials, Patel still cannot make out a claim because he cannot establish that Lt. Hurd's acts prejudiced him in any way with respect to the four federal lawsuits that Patel filed while in federal custody. In other words, Patel has not alleged the necessary causation between his exercise of protected activity and the alleged retaliation to make out a plausible retaliation claim. An allegation of actual harm or detriment is an essential element of a § 1983 action for denial of access to the courts. *See Martin*, 917 F.2d at 340 (quoting *Hossman*, 812 F.2d at 1021) ("this court has consistently required plaintiffs to make specific allegations suggesting how his claimed inability to use the law library resulted in his being denied 'meaningful' access to the courts and, hence, his constitutional rights.") (internal quotations omitted). The liberal notice pleading standards of Rule 8 govern denial-to-court claims. "However, as applied to prisoners who claim they have been denied access to the

courts, notice pleading requires plaintiffs to make specific allegations as to the prejudice suffered because of the defendants' alleged conduct." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (citing *Ortloff*, 335 F.3d at 656 (7th Cir. 2003); *Martin*, 917 F.2d at 340). The Seventh Circuit has explained that "[t]his is because the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the *courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall*, 455 F.3d at 968 (citing *Lewis*, 518 U.S. at 351) (emphasis in original).

Looking to this Court's docket information as well as the electronic records available on the Public Access to Court Electronic Records ("PACER") website, it is evident that Lt. Hurd did not prevent Patel from access to the courts, or cause him prejudice or detriment of any kind. The Court may take judicial notice of facts drawn from public records available on a government website under Federal Rule of Evidence 201(b) because "a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable be questioned." *Twombly*, 550 U.S. at 592 n.11 (quoting Federal Rule of Evidence 201(b)); *see also, e.g., Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926, 930 n.2 (S.D. Ill. 2006) (a court may

judicially notice public records available on government websites). Court documents are public records that provide facts not subject to reasonable dispute because that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See Hensen v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (a district court may take judicial notice of public court documents in deciding a motion to dismiss).

As the Court has already noted, Patel was not prejudiced by Lt. Hurd in connection with the 11 C 6713 suit. Patel filed his initial lawsuit, his notice of appeal, and his *in forma pauperis* applications to proceed as a pauper in the district court and on appeal. (Case No. 11 C 6713; Doc. 1; 3; 5; 6; 11). In addition, Patel was able to successfully file lawsuits in the 11 C 8862 case and the 11 C 8863 case. In both of those cases he successfully filed *in forma pauperis* applications, status reports, and motions for the appointment of counsel. (Case No. 11 C 8862; Doc. 1; 3; 6; 8; 18) (Case No. 11 C 8863; Doc. 1; 3; 6; 8; 19). Those cases were dismissed for want of prosecution after Patel twice failed to appear in open court. Indeed, Patel was warned the first time he failed to appear that failure to appear again would result in his cases being dismissed. Therefore, the dismissal of the 11 C 8862 and 8863 cases, like the 11 C 6713 case, was caused by Patel's failure to prosecute his claims, not by the acts of Lt. Hurd. Lt Hurd played no part in the dismissal of the 11 C 8862 and the 11 C 8863 cases. There is thus no causal link between the protected activity and the alleged retaliation. *See Woodruff*, 542 F.3d at 551. The cases were dismissed for Patel's failure to prosecute them,

not because Lt. Hurd allegedly restricted Patel's access to the law library at the jail or intercepted his mail.

In addition to damages, Patel seeks "an injunctive order of protection prohibiting Lt. Hurd from making any contacts with me, and also an injunction order to refrain the Cook County mail department to tamper with my legal mail without my prescence [sic] is unconstitutional." Such an order is moot, as this Court was alerted on March 13, 2012, that Patel's address was changed from the Cook County Department of Corrections to an out of custody address. (Doc. 13). Because Patel is not in the custody of the Cook County Correctional Department, his petition for injunctive relief is moot. *See Martin*, 917 F.2d at 339 (citing *Air Line Pilots Ass'n, Int'l v. UAL Corp.*, 897 F.2d 1394, 1396-1397 (7th Cir. 1990)) ("Because [Plaintiff] is no longer residing at Cook County Jail, enjoining defendants' actions against him would be of no effect, and therefore, his equitable claims against defendants are moot.")

Patel filed three suits with this Court, the instant suit and the 11 C 8862 and the 11 C 8863 suits. On March 29, 2012 the latter two suits were called for a status hearing. Patel failed to appear. This Court warned Patel that failure to appear in a case that he is attempting to prosecute may result in the case being dismissed for lack of prosecution. (Case No. 11 C 8862; Doc. 23) (Case No. 11 C 8863; Doc. 23). Thus, Patel was on notice that failing to adhere to this Court's orders may result in cases being dismissed for want of

11

prosecution. Indeed, that is exactly what happened in those two cases. (Case No. 11 C 8862; Doc. 24) (Case No. 11 C 8863; Doc. 24). A plaintiff's failure to respond to a motion to dismiss that delays the litigation can be a proper basis for dismissing the case for want of prosecution as a penalty for misconduct. See *Bolt v. Loy*, 227 F.3d 854, 856 (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962)). A judge should warn the plaintiff that she is considering such a penalty, either explicitly or implicitly by making clear that the threat of dismissal is an imminent possibility. *See Matter of Bluestein & Co.*, 68 F.3d 1022, 1027 (7th Cir. 1995); *see also Bolt*, 227 F.3d at 856. "Even without a warning, egregious misconduct can be punished by dismissal." *Bolt*, 227 F.3d at 856. In this case, Patel was previously warned by this Court that failure to prosecute federal claims can result in dismissal for lack of prosecution. He was warned of this in the 11 C 8862 and the 11 C 8863 cases. Thus, Patel was imminently aware that failure to respond to a motion could result in dismissal. Furthermore, Patel has flagrantly ignored the orders of this Court in three separately filed cases. In two of those cases he was explicitly given a want of prosecution warning. After those cases were dismissed, Patel continued to ignore the orders of this Court, including that he appear at an initial status hearing for this case and that he reply to the instant Motion to Dismiss. The continuous lack of respect for the orders of this Court constitutes egregious misconduct. Therefore, in addition to the fact that Patel fails to state a claim, his case is dismissed for want of prosecution as a penalty for misconduct.

**IV. Conclusion**

For the reasons stated above, Patel cannot state a claim for a violation of his First Amendment rights. Furthermore, having been twice warned by this Court that failure to follow its orders may result in dismissal for want of prosecution, Patel has again failed to follow the explicit orders of this Court by not responding to this Motion to Dismiss. Therefore, Patel's case is alternatively dismissed for want of prosecution as a penalty for misconduct. Therefore, The Defendant's Motion to Dismiss is granted.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: May 30, 2012

13